LOFFER, Respondent, v. GIBBS, Appellant.

(226 N. W. 561.)

(File No. 6589. Opinion filed August 3, 1929.)

*Caldwell, Caldwell & Burns,* of Sioux Falls, for Appellant.

*Odean Hareid* and *Thornton G. Owen,* both of Sioux Falls, for Respondent.

BROWN, J. Revised Code of 1919, §§ 5204 to 5215, inclusive, provide that a municipal court may be established in any city coming within classes therein specified, and provision is made for

the election and salary of the judge of such court. Section 5210 provides that in case of the illness or inability of the judge to act, or if he shall desire to be absent from the city, he may appoint any attorney at law possessing the qualifications required for a judge of the court as judge pro tempore, who may, during the absence or inability of the judge to act, perform all the duties of the judge; "his compensation, however, shall be paid by the judge," and any appointment shall be valid for sixty days only. It further provides that, when, by reasons of interest or other cause, the judge is disqualified to preside at the trial of any particular action, he may in like manner appoint a judge pro tem. for the trial thereof.

Defendant is, and for a number of years past has been, judge of the municipal court of Sioux Falls and during his incumbency of the office has availed himself generously of the provisions of section 5210. Among numerous others whom he has appointed from time to time to act as judge pro tem. during his absence was plaintiff, who, it is conceded, served as judge pro tem. on forty-seven different days. Having received no compensation for such services, plaintiff brings this action, alleging that a reasonable charge for such services is $10 a day. Plaintiff testified that he performed the services at the request of defendant, that nothing was said as to the amount of his compensation or as to whether or not he should be compensated at all, but that he expected Judge Gibbs to pay him for such services. Defendant admits the appointment of plaintiff to act as judge pro tem. on the several occasions claimed by plaintiff, and does not dispute the number of days' service rendered, but testified that, when he requested plaintiff to act as judge pro tem. he told him that he did not feel that he could afford to pay anything for it, that it had been the custom when he had called others to act for him "they always served complimentary" to the judge, without pay, and that plaintiff replied that he knew that, as he himself had sat for a prior judge of the court, and that he would be quite willing to serve without pay because he had ambitions to get the office when defendant would be through with it, that he would not run against him, but when he was through, plaintiff would like to hold the position, and his acting as judge pro tem. would give him publicity and experience and that he would be quite willing to serve without pay; and defendant's testimony is that the negotiation or conversation was concluded in

that way. Defendant further testified that, after the conclusion of this conversation and just as he was leaving, he remarked to plaintiff that on account of his position as judge of the court he could occasionally give plaintiff some business by appointing him as attorney to defend indigent defendants, and that, in fulfillment of this remark he had appointed plaintiff in at least ten instances to defend indigent defendants in the municipal court.

The court instructed the jury, in substance, that, if plaintiff performed services as judge pro tem. at the request of defendant, and nothing was said about the compensation plaintiff should receive, he would be entitled to recover the reasonable value of his services, but, if they should find that there was an express agreement whereby plaintiff agreed to perform the services in consideration of the prestige and experience he would get and without compensation in money, they should find for defendant. The jury found for defendant upon all the issues, and judgment was rendered dismissing the action on its merits. The court granted a motion for a new trial, apparently for the reason that the express agreement testified to by defendant was void as against public policy, and therefore plaintiff was entitled to recover on a quantum meruit, and, from the order granting a new trial, defendant appeals.

The ground upon which the new trial was granted involves only a question of law, and not a matter of discretion. Respondent seeks to sustain the order of the court by this process of reasoning: That the statute fixes the compensation of the judge pro tem. and provides that it "shall be paid by the judge" of the municipal court; that the judge pro tem. is a public officer, and that it is against public policy for a public officer to accept less compensation than the law provides for him; that for that reason, as well as because the alleged contract between plaintiff and defendant was based in part upon the undertaking of defendant to give plaintiff business by assigning him to defend indigent defendants in municipal court, the contract claimed by defendant was wholly void as being against public policy, and therefore plaintiff is entitled to recover the reasonable value of his services. We think respondent is in error, both in his premises and in his conclusion. The statute, section 5210, does not provide or fix the compensation of the judge pro tem. It provides that he must possess the quali-

fications required for a judge of the court, that he must take and file the proper official oath, and may then, during the absence or inability of the judge, perform all of the duties of the judge and of the court, and provides that his compensation shall be paid by the judge, but refrains from saying anything whatever as to what his compensation shall be. We think it is clear from a reading of the section that the amount of his compensation, or whether he shall receive any compensation at all, is left entirely to contract between him and the judge of the municipal court. Plaintiff himself has brought his action upon that theory. He does not sue for a portion of the judicial salary proportionate to the number of days or length of time that he officiated, but brings his action for the alleged reasonable value of the services performed by him, there having been nothing said, as he contends, about the amount of compensation he was to receive. We think it was entirely competent for him to agree with the judge of the court to serve as judge pro tem. without monetary compensation, and the question of whether he did or did not make such an agreement having been found against him by the jury under proper instructions, as far as the instructions related to that question, the verdict of the jury is conclusive, and a new trial should not have been granted.

 Under the evidence in the case, the moral turpitude alleged to be involved in the promise made by the municipal judge (which promise he testified he fully performed) to appoint plaintiff as attorney for indigent defendants in his court in return for his serving as judge pro tem. without pay, did not enter into the contract between plaintiff and defendant. That was a promise made after the agreement between the two had been concluded, and was in the nature of an offering of gratitude by the municipal judge out of the fullness of his heart, in recognition of the generosity of plaintiff in agreeing to serve without pay, or for the prestige and publicity that it would give him.

We think it not inappropriate to call attention to what we deem the pernicious possibilities of section 5210, providing for a judge pro tem., as demonstrated by the evidence in this case. Defendant testified that he had had very many attorneys serve for him as judge pro tem. during his incumbency of the office, one of whom sat for him an entire month at one time, and all of whom served without compensation. Those who thus served were in a sense in

the position of having made to the municipal judge gifts equivalent to the amount of money they had saved him the necessity of paying for services of a judge pro tem., which services the statute indicates should be paid for at some rate.

It is argued in respondent's brief—and we think there is good ground for the argument—that, under such an arrangement as appellant testifies was made, respondent "would have an unfair advantage over any other attorney (who had not thus accommodated the judge) coming into Judge Gibbs' court, because Gibbs would be under obligation to Loffer for serving for him for nothing, not merely a day as an act of courtesy, but by weeks and months under contract to serve for nothing," and the deduction is made that such an arrangement must be void as against public policy.

But a statute, if not in conflict with the Constitution—and it is not claimed that this statute is—declares the public policy of the state as to the matter to which it relates, and the courts are not authorized to hold such a statute void as against public policy. Borgnis v. Falk Co., 147 Wis. 327, 133 N. W. 209, 37 L. R. A. (N. S.) 489.

While we may believe that the municipal judge would not consciously accord to attorneys who had thus accommodated him more indulgent treatment than to others in cases coming before him in which they were counsel, yet the situation arising from the authority given him by the statute to appoint a judge to act in his absence for such compensation as may be agreed upon between them, or without pecuniary compensation, for the prestige and publicity the appointment would give, or for the hope, held out or entertained, of assignments to defend indigent defendants in the judge's court, gives occasion for a sort of criticism to which no branch of the judiciary of the state should be exposed. We think, if a judge pro tem. is to be appointed at all, in the situations mentioned in section 5210, his compensation should be definitely prescribed by statute, and that the appointment should not be made by the municipal judge himself from members of the bar entitled to practice in his court.

The order appealed from is reversed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.